USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 08 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :     INDICTMENT

        - v. -                               11 CRIM 207

VANEE SYKES,                      :
ALICE BRADFORD,
TORI JACKSON, and                 :
LOIS JOHNSON,
                                  :
        Defendants.

- - - - - - - - - - - - - - - - - x

## COUNT ONE

The Grand Jury charges:

1. From in or about October 2006, up to and including in or about December 2010, in the Southern District of New York and elsewhere, VANEE SYKES, ALICE BRADFORD, TORI JACKSON, and LOIS JOHNSON, the defendants, and others known and unknown, unlawfully, wilfully, and knowingly did combine, conspire, confederate, and agree together and with each other to violate Section 1341 of Title 18, United States Code.

2. It was a part and an object of the conspiracy that VANEE SYKES, ALICE BRADFORD, TORI JACKSON, and LOIS JOHNSON, the defendants, and others known and unknown, unlawfully, wilfully, and knowingly, and having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, for the purpose of executing such scheme and artifice and attempting so to do, would and did place

in a post office and authorized depository for mail matter, a matter and thing to be sent and delivered by the Postal Service, and would and did knowingly cause to be delivered by mail according to the direction thereon, and at the place at which it is directed to be delivered by the person to whom it is addressed, such matter and thing, in violation of Title 18, United States Code, Section 1341.

OVERT ACTS

3. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. On or about December 13, 2007, in her capacity as an employee of the New York City Human Resources Administration ("HRA"), VANEE SYKES, the defendant, processed and approved a food stamp benefit card ("Food Stamp Card") using a false name and false social security number.

b. On or about December 1, 2010, ALICE BRADFORD, the defendant, provided VANEE SYKES, the defendant, with approximately nine mailing addresses for SYKES to use to obtain fraudulent Food Stamp Cards, which were addresses where BRADFORD intended Food Stamp Cards to be mailed and where BRADFORD intended to collect the Food Stamp Cards in order to have them sold.

c.  In or about October 2006, TORI JACKSON, the defendant, used false names and false social security numbers to obtain approximately four fraudulent Food Stamp Cards that JACKSON helped to process while working at the HRA.

d.  In or about September 2007, LOIS JOHNSON, the defendant, received and used a fraudulent Food Stamp Card, which was mailed to a post office box located in Manhattan, which JOHNSON opened and used.

(Title 18, United States Code, Section 1349.)

## COUNT TWO

The Grand Jury further charges:

4.  From at least in or about September 2007, up to and including in or about December 2010, in the Southern District of New York and elsewhere, VANEE SYKES, the defendant, being an employee and agent of a local government agency, to wit, the HRA, that received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance, and ALICE BRADFORD, the defendant, unlawfully, wilfully, and knowingly embezzled, stole, obtained by fraud, intentionally misapplied, and without authority knowingly converted to the use of persons other than the rightful owners, property valued at more than $5,000 and that was under the care, custody, and control of the HRA, to wit, BRADFORD provided SYKES with mailing addresses for SYKES to use in her capacity as a HRA employee to obtain

-3-

fraudulent Food Stamp Cards, which were addresses where SYKES and BRADFORD intended Food Stamp Cards to be mailed and where BRADFORD collected the Food Stamp Cards in order to have them sold.

(Title 18, United States Code, Sections 666(a)(1)(A) & 2.)

## COUNT THREE

The Grand Jury further charges:

5. From at least in or about September 2007, up to and including in or about December 2010, in the Southern District of New York and elsewhere, VANEE SYKES, the defendant, unlawfully, wilfully, and knowingly did embezzle, steal, purloin, and convert to her use and the use of another, and without authority did sell, convey, and dispose of a record, voucher, money, and thing of value of the United States and of a department and agency thereof, to wit, the United States Department of Agriculture (the "USDA"), to wit, in her capacity as a HRA employee, SYKES processed and approved Food Stamp Cards funded by the USDA, using false names and false social security numbers.

(Title 18, United States Code, Sections 641 and 2.)

## COUNT FOUR

The Grand Jury further charges:

6. From at least in or about September 2007, up to and including in or about December 2010, in the Southern District of New York and elsewhere, ALICE BRADFORD, the defendant,

unlawfully, wilfully, and knowingly did embezzle, steal, purloin, and convert to her use and the use of another, and without authority did sell, convey, and dispose of a record, voucher, money, and thing of value of the United States and of a department and agency thereof, to wit, the USDA, to wit, BRADFORD provided VANEE SYKES with mailing addresses for SYKES to use to obtain fraudulent Food Stamp Cards funded by the USDA, which were addresses where BRADFORD intended Food Stamp Cards to be mailed and where BRADFORD collected the Food Stamp Cards in order to have them sold.

(Title 18, United States Code, Sections 641 and 2.)

### COUNT FIVE

The Grand Jury further charges:

7.  From at least in or about October 2006, up to and including in or about December 2010, in the Southern District of New York and elsewhere, TORI JACKSON, the defendant, unlawfully, wilfully, and knowingly did embezzle, steal, purloin, and convert to her use and the use of another, and without authority did sell, convey, and dispose of a record, voucher, money, and thing of value of the United States and of a department and agency thereof, to wit, the USDA, to wit, JACKSON helped to process and approve Food Stamp Cards funded by the USDA using false names and false social security numbers and JACKSON received and used fraudulent Food Stamp Cards.

(Title 18, United States Code, Sections 641 and 2.)

**COUNT SIX**

The Grand Jury further charges:

8. From at least in or about September 2007, up to and including in or about November 2010, in the Southern District of New York and elsewhere, LOIS JOHNSON, the defendant, unlawfully, wilfully, and knowingly did embezzle, steal, purloin, and convert to her use and the use of another, and without authority did sell, convey, and dispose of a record, voucher, money, and thing of value of the United States and of a department and agency thereof, to wit, the USDA, to wit, JOHNSON received and used fraudulent Food Stamp Cards funded by the USDA, which were mailed to a post office box located in Manhattan, which JOHNSON opened and used.

(Title 18, United States Code, Sections 641 and 2.)

**FORFEITURE ALLEGATION AS TO COUNT ONE**

9. As a result of committing the offense alleged in Count One of this Indictment, VANEE SYKES, ALICE BRADFORD, TORI JACKSON, and LOIS JOHNSON, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, any property, real and personal, constituting or derived from proceeds traceable to the offense alleged in Count One of this Indictment.

Substitute Asset Provision

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 981, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendants up to the value of the above-described forfeitable property.

(Title 18, United States Code, Sections 981; Title 21, United
States Code, Section 853; and Title 28, United States Code,
Section 2461.)

**FORFEITURE ALLEGATION AS TO COUNT TWO**

11. As a result of committing the offense alleged in Count Two of this Indictment, VANEE SYKES, the defendant, and ALICE BRADFORD, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, any

property, real and personal, constituting or derived from proceeds traceable to the offense alleged in Count Two of this Indictment.

### Substitute Asset Provision

12.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

   (1)  cannot be located upon the exercise of due diligence;

   (2)  has been transferred or sold to, or deposited with, a third person;

   (3)  has been placed beyond the jurisdiction of the Court;

   (4)  has been substantially diminished in value; or

   (5)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 981, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendants up to the value of the above-described forfeitable property.

   (Title 18, United States Code, Sections 981; Title 21, United
     States Code, Section 853; and Title 28, United States Code,
                           Section 2461.)

### FORFEITURE ALLEGATION AS TO COUNTS THREE THROUGH SIX

13.  As a result of committing one or more of the offenses alleged in Counts Three through Six of this Indictment,

-8-

VANEE SYKES, ALICE BRADFORD, TORI JACKSON, and LOIS JOHNSON, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real and personal, constituting or derived from proceeds traceable to one or more of the offenses alleged in Counts Three through Six of this Indictment.

### Substitute Asset Provision

14.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

   (1)   cannot be located upon the exercise of due diligence;

   (2)   has been transferred or sold to, or deposited with, a third person;

   (3)   has been placed beyond the jurisdiction of the Court;

   (4)   has been substantially diminished in value; or

   (5)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 981, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendants up to the value of the above-described forfeitable property.

(Title 18, United States Code, Sections 981; Title 21, United States Code, Section 853; and Title 28, United States Code, Section 2461.)

_____  
FOREPERSON

_____  
PREET BHARARA  
United States Attorney for the  
Southern District of New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

VANEE SYKES,
ALICE BRADFORD,
TORI JACKSON, and
LOIS JOHNSON,

Defendants.

INDICTMENT

11 Cr.

(18 U.S.C. §§ 2, 641, 666, & 1349)

PREET BHARARA
United States Attorney.

A TRUE BILL

_____
Foreperson.

3-8-11 Filed Indictment. Case assigned to J. Pauley
WZ
Fox
U.S.M.J.